FILED
APR 16 2001
Clerk, U. S. Dist. Court
W. Dist. of N. C.

UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 00-2167

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff-Appellant,

v.

TOWN & COUNTRY TOYOTA,
INCORPORATED,  Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Carl Horn III, Chief Magistrate Judge.
(CA-98-276-3-H)

Argued: February 26, 2001

Decided: April 13, 2001

Before WILLIAMS and MICHAEL, Circuit Judges, and
Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

COUNSEL

ARGUED: Robert John Gregory, Senior Attorney, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellant. William Porter Farthing, Jr., PARKER, POE,

ADAMS & BERNSTEIN, L.L.P., Charlotte, North Carolina, for Appellee. **ON BRIEF:** C. Gregory Stewart, General Counsel, Philip B. Sklover, Associate General Counsel, Lorraine C. Davis, Assistant General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellant. Jonathan M. Crotty, John B. Anderson, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

This case involves a claim of disability discrimination under the Americans with Disabilities Act ("ADA") brought by the Equal Employment Opportunity Commission ("EEOC") at the behest of Brian Mickles against his former employer, Defendant Town & Country Toyota ("Town & Country"). The district court granted summary judgment for Town & Country. The district court held that the EEOC failed to establish a prima facie case of discrimination, and even if it had established a prima facie case, Town & Country offered legitimate, non-discriminatory reasons for firing Mickles that the EEOC failed to rebut. For the reasons that follow, we reverse and remand for further proceedings.

I.

To make out a prima facie case, the EEOC must demonstrate that: (1) Mickles was in the protected class (disabled); (2) he was discharged; (3) at the time of discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Ennis v. National Ass'n of Business and Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995).

There are three ways to be disabled for the purposes of the ADA. An individual is disabled if: (1) she has a physical or mental impairment that substantially limits a major life activity; (2) she has "a record of such an impairment"; or (3) she is "regarded as having such an impairment." 42 U.S.C. § 12102(2). Under the ADA's third definition of disability, it is not enough for the EEOC to show that Town & Country regarded Mickles as impaired; they must show that Town & Country regarded him as disabled within the meaning of the ADA. *See Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 646 (2d Cir. 1998). Thus, the EEOC must show that Town & Country regarded Mickles as having an impairment that substantially limited a major life activity. *See id.*[1]

Construing all of the evidence and factual inferences in favor of the EEOC, there is sufficient evidence in the record to conclude that Town & Country regarded Mickles as substantially impaired in the major life activity of walking. Mickles's supervisor, Dennis Koenig, made several comments demonstrating that he regarded Mickles as disabled. The district court found that these comments established only that Koenig understood that Mickles had difficulty and experienced pain when walking; they did not demonstrate a discriminatory animus. The district court also explained that it found Koenig's alleged statements unpersuasive because Koenig hired Mickles with "full knowledge" of his impairment.

The district court erred in not assigning more probative value to Koenig's alleged comments. First, the facts do not show that Koenig hired Mickles with complete knowledge of his physical difficulties. Koenig admitted that he did not even review the part of Mickles' employment application regarding his history of disability. Although Koenig explained that it was obvious from the moment he hired Mickles that Mickles had trouble walking, Koenig may not have realized the severity of Mickles' impairment until after he had been hired and had been walking around the sales lot selling cars. In fact, he

---

[1] The EEOC has waived any argument that Mickles actually has a substantially limiting impairment. The EEOC contends that Mickles is also disabled for the purposes of the ADA based on a record of impairment. We do not need to address this issue because we hold that Mickles satisfies the "regarded as" definition of disability under the ADA.

asked Mickles a week after he was hired why he had such trouble walking.

Second, a reasonable jury could interpret Koenig's comments as convincing proof that Koenig regarded Mickles as substantially impaired in the major life activity of walking. Koenig told Mickles that he needed to "be on disability." An employer's comments referring to a plaintiff as "disabled" are probative evidence that the employer regarded the plaintiff as disabled. See *McInnis v. Alamo Comm. College Dist.*, 207 F.3d 276, 281 (5th Cir. 2000). He also said that it made "anybody kind of feel [a] little bad just watching [Mickles] get around." While this comment may be interpreted as a simple expression of sympathy for the plaintiff, it may also reflect Koenig's personal discomfort with Mickles' presence and the discomfort he perceived among Town & Country's customers. In a letter to the EEOC responding to Mickles' initial charge of discrimination, Koenig wrote: "I found it difficult to employ someone who is obviously in such pain and misery in performing their job, especially when one is expected to interface with the public in a cheerful manner."[2] Koenig's statement to the EEOC can be interpreted as proof that he regarded Mickles as disabled. See H.R. Rep. No. 101-485(II), 101st Cong.. 2d Sess. 53 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303, 335-36 (stating that the "regarded as" prong is triggered by evidence that the employer has a "fear of the 'negative reactions' of others to the individual"). When the facts are viewed in the light most favorable to Mickles, they show that a reasonable juror could conclude that he was "regarded as" disabled by Town & Country.

Mickles was discharged, satisfying the second prong of the prima facie case. The third step in the prima facie case requires the EEOC to show that Mickles was performing his job at a level that met Town & Country's legitimate expectations. See *Ennis*, 53 F.3d at 58.

---

[2]Town & Country argues that the statements in the response letter do not create a material issue of fact because the response letter was actually prepared by Barry Davis and that person signed Koenig's name. Even if this is true, Town & Country admits that Davis reviewed the response with Koenig over the telephone and Koenig approved its contents, so there is no reason not to attribute the letter to Koenig.

The district court concluded that the EEOC failed to prove that Mickles was meeting Town & Country's reasonable expectations. It cited deposition testimony from Koenig and an affidavit from Stewart Abbott, another sales manager at Town & Country. The sales managers faulted Mickles for lacking effective sales skills, lacking knowledge of products and financing options, and requiring too much help in closing a sale.

While this evidence is important to this case, it should be evaluated in the context of Town & Country's burden of production once the EEOC states a prima facie case. See *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1192-94 (10th Cir. 2000) ("subjective qualifications . . . are more properly considered at the second stage of the *McDonnell Douglas* analysis"); *Valentino v. United States Postal Serv.*, 674 F.2d 56, 71 n.24 (D.C. Cir. 1982) ("[s]ubjective qualifications" are "appropriately introduced on rebuttal"). Town & Country argues that these cases do not apply because they involved claims under anti-discrimination statutes other than the ADA. This Court has held, however, that the *McDonnell Douglas* scheme of proof does apply to ADA claims.

Leaving aside the subjective criticisms of Mickles' performance, the objective evidence shows that he sold six and one-half cars in the month he was employed. Koenig admitted that six cars "is not a terrible number for the first month" for a new salesperson. Town & Country can point to no written evidence, prepared at the time of Mickles' employment, of subpar sales performance. *Cf. Ennis*, 53 F.3d at 61 (finding that third prong of prima facie case was not satisfied when undisputed contemporaneous evidence in the record such as internal memoranda and regular performance evaluations showed that employer was dissatisfied with employee's performance). Koenig did not refer to any deficiencies in Mickles' sales abilities until after he had been fired. In fact, in his response letter to the EEOC, Koenig stated that "Mickles' selling skills seemed satisfactory." The objective evidence shows that Mickles was performing satisfactorily.

For the final prong of the prima facie case, the EEOC must show that the circumstances of Mickles's discharge would allow a reasonable jury to infer that he was discharged because he was regarded as disabled. "Plaintiff's evidence must be such that, if the trier of fact

finds it credible, and the employer remains silent, the plaintiff would be entitled to judgment as a matter of law." *Ennis*, 53 F.3d at 59.

In discussing this aspect of the EEOC's case, the district court reiterated that it was unimpressed with Koenig's alleged comments regarding Mickles' disability. According to the district court, these comments only showed that Koenig was aware of Mickles' difficulty walking and "sought to soften the termination message by suggesting to him that a career without so much walking might be a better choice." Although the district court's interpretation of Koenig's comments is plausible, a reasonable trier of fact could interpret Koenig's comments in a less benign manner. In making a prima facie case, the EEOC does not have to carry its burden on the ultimate issue of discrimination. It just has to provide sufficient evidence to support an inference of discrimination. The same evidence used to show that Mickles was "regarded as" disabled is germane here. Because Koenig's comments could be interpreted as proof that Town & Country fired Mickles because it regarded him as disabled, Koenig's comments are sufficient to satisfy the final prong of the prima facie case.

II.

Once the plaintiff states a prima facie case of disability discrimination, the burden shifts to the employer to offer evidence that the plaintiff was rejected for a legitimate, non-discriminatory reason. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097, 2106 (2000). This is a burden of production, not persuasion. *See id.* Town & Country offers evidence from Koenig and Abbott that Mickles was fired because of his poor sales techniques and lack of familiarity with important sales concepts. This evidence is enough to satisfy Town & Country's burden.

III.

Once the defendant satisfies its burden of production, the presumption created by the prima facie case drops out and the plaintiff bears the ultimate burden of proving that he has been the victim of intentional discrimination. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Ennis*, 53 F.3d at 58. The district court held that even if the EEOC had established a prima facie case, the EEOC's evi-

dence of intentional discrimination was not enough to carry this burden. The district court noted that the law creates a strong presumption against discrimination when the hirer and the firer are the same individual and the disability is known to the employer at the outset of the employment relationship. *See Tyndall v. National Educ. Ctrs*, 31 F.3d 209, 214-15 (4th Cir. 1994) (applying presumption in ADA case); *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991) (explaining that same hirer/firer presumption only applies to the "third stage of the analysis," i.e., when the plaintiff is trying to rebut the non-discriminatory explanation for the employment action advanced by the employer).

It is true that Koenig both hired and fired Mickles. As discussed earlier, however, it is debatable whether Koenig knew the extent of Mickles' disability from the moment Mickles was hired. *See Tyndall*, 31 F.3d at 215 (emphasizing that firer hired plaintiff with "full knowledge" of her condition). Koenig admitted that he did not review Mickles' application for information on his medical history. It is plausible that Koenig noticed Mickles' limp when he decided to hire him, but did not realize the extent of his disability until he began to work and walk around the car lot. Because the evidence on this point is unclear, we leave it to the trier of fact to determine if Koenig fully perceived the extent of Mickles' disability on the date of his hiring. If not, the presumption against discrimination set out in *Tyndall* and *Proud* does not apply.

The EEOC offered sufficient evidence for a reasonable juror to conclude that Town & Country intentionally discriminated against Mickles. There are contradictions between the non-discriminatory rationale for firing Mickles currently propounded by Town & Country and the statements allegedly made by Koenig during Mickles' employment and in his response letter to the EEOC. Town & Country's contention in its Motion for Summary Judgment that Mickles was fired because he "lacked basic sales skills and abilities and required excessive amounts of assistance from sales managers to close his sales" does not jibe with Koenig's statement to Mickles on the day he was fired ("[I'm] not saying you're not a good salesman.") or Koenig's written response to Mickles' EEOC charge ("Mr. Mickles' selling skills seemed satisfactory."). Contradictions between an employer's proffered explanation and the contemporaneous state-

ments of the employer are convincing evidence of pretext. *See, e.g., Alvarado v. Board of Trustees of Montgomery Comm. College*, 928 F.2d 118, 122-23 (4th Cir. 1991) (noting conflict between reason given by employer at trial for firing plaintiff and reason given by employer at time plaintiff was terminated as it found that the former was pretextual). Evidence showing that the employer's proffered explanation for the discharge is pretextual, combined with plaintiff's prima facie case, can be enough to permit the trier of fact to conclude that the employer unlawfully discriminated. *See Reeves*, 120 S. Ct. at 2109.

Moreover, Town & Country offers no evidence contemporary with Mickles' employment to show that he really did lack adequate sales skills and required excessive amounts of assistance from sales managers. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998) (noting that "[a]ll of the evidence supporting the employer's proffered reasons came from statements, depositions, and declarations prepared after the employment decision was made and while this litigation was in progress" as it reversed summary judgment for the employer). The short duration of Mickles' employment does not explain why he was never given verbal warnings or told upon his termination that his performance was substandard. In contrast, the EEOC has presented evidence roughly contemporaneous with Mickles' period of employment: Koenig's response letter to the EEOC and Mickles' account of what Koenig said to him while he worked for Town & Country. Given the contradictions in Town & Country's evidence and the timeliness of the EEOC's evidence, a reasonable juror could conclude that Town & Country discriminated against Mickles because of his disability.

IV.

The district court held that even if the EEOC could establish liability, any back pay award would be de minimis because Mickles failed to mitigate damages when he rejected a job offer from a second car dealer within a few days of his termination at Town & Country. A decision on back pay is premature at this stage of the litigation. There are disputed issues of material fact on the mitigation issue that made the district court's grant of summary judgment inappropriate. It is possible that Mickles' decision not to work for the second car dealer

was not voluntary, but rather the product of emotional trauma from his discharge from Town & Country. Accordingly, the back pay issue is remanded back to the district court.

The district court decision is reversed and the entire case is remanded for trial.

*REVERSED AND REMANDED*